UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-665-RJC

| | |
|---|---|
| CATHERINE J. KENNEDY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Summary Judgment and Memorandum in Support, (Doc. Nos. 11, 12); and Defendant's Motion for Summary Judgment and Memorandum in Support, (Doc. Nos. 16, 17).

I.  BACKGROUND

   A.   Procedural Background

Plaintiff Catherine J. Kennedy ("Plaintiff") seeks judicial review of Defendant's denial of her social security claim. (Doc. No. 1). On August 10, 2011, Plaintiff filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 405, et seq., alleging an inability to work due to disabling conditions beginning on April 23, 2009. (Doc. Nos. 8 to 8-9: Administrative Record ("Tr.") at 197). The Commissioner initially denied Plaintiff's application on February 17, 2012, (Tr. 103), and upon reconsideration on May 14, 2012, (Tr. 127). Plaintiff filed a timely written request for a hearing on June 22, 2012. (Tr. 147).

On October 21, 2013, Plaintiff, represented by counsel, appeared and testified at a hearing before an Administrative Law Judge ("ALJ"). (Tr. 41–71). At the hearing, Plaintiff amended the alleged onset date of disability to November 17, 2011. (Tr. 44). The ALJ issued a decision on April 9, 2014, denying Plaintiff's claim. (Tr. 17–40). Plaintiff filed a request for review of the ALJ's decision on May 28, 2014, (Tr. 16), which was denied by the Appeals Council on October 2, 2014, (Tr. 1–8). Therefore, the April 9, 2014 ALJ decision became the final decision of the Commissioner on October 2, 2014.

Plaintiff's Complaint seeking judicial review and a remand of her case was filed in this Court on December 1, 2014. (Doc. No. 1). Plaintiff's Motion for Summary Judgment, (Doc. No. 11), was filed April 24, 2015, and Defendant's Motion for Summary Judgment, (Doc. No. 16), was filed August 24, 2015. The pending motions have been fully briefed and are ripe for adjudication.

B. Factual Background

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes,[1] at any time between November 17, 2011, when Plaintiff's disabling conditions commenced, and the date of the ALJ's decision on April 9, 2014. To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). The ALJ concluded that Plaintiff was not under a disability at any time from November 17, 2011, through the date of his decision, April 9, 2014. (Tr. 19–20).

---

[1] Under the Social Security Act, 42 U.S.C. §§ 301, et seq., the term "disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

The Social Security Administration ("SSA") has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

(1) whether the claimant is engaged in substantial gainful activity—if yes, not disabled;

(2) whether the claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509—if no, not disabled;

(3) whether the claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1 and meets the duration requirement—if yes, disabled;

(4) whether the claimant has the residual functional capacity ("RFC") to perform his or her past relevant work—if yes, not disabled; and

(5) whether, considering the claimant's RFC, age, education, and work experience, he or she can make an adjustment to other work—if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i)–(v). In this case, the ALJ determined at step five that Plaintiff was not disabled. (Tr. 33).

Specifically, the ALJ first concluded that Plaintiff had not engaged in any substantial gainful activity since November 17, 2011, the alleged disability onset date. (Tr. 22). At step two, the ALJ found that Plaintiff had severe impairments of degenerative disc disease, status post knee surgery, diabetes mellitus, post-traumatic stress disorder, depression, and anxiety. (Id.). At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of

impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 25–26).

Next, the ALJ assessed Plaintiff's RFC and found that she retained the capacity to perform light work with the following additional limitations: never climb ladders; occasionally stoop, kneel, crouch, crawl; perform simple, routine, repetitive tasks in a stable environment with occasional interpersonal interaction and occasional public contact.  (Tr. 26).

At the hearing, a vocational expert ("VE") testified regarding Plaintiff's past relevant work, (Tr. 66–67), and pursuant to the VE's testimony, the ALJ found that Plaintiff was unable to perform her past relevant work.  (Tr. 32).  At the fifth and final step, the ALJ concluded, based on the VE's testimony, that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform."  (Tr. 33).  Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between November 17, 2011, and the date of his decision on April 9, 2014.  (Tr. 34).

## II.  STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3), limits this Court's review of a final decision of the Commissioner to determining: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).  The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979).  The Social Security Act provides: "The findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  In Smith v. Heckler, the Fourth Circuit noted that "substantial evidence" is "more than a scintilla and must do

more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

It is not appropriate for a reviewing court to weigh the evidence anew, or to substitute its judgment for that of the Commissioner, if the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith v. Schweiker, 795 F.2d at 345. Indeed, this is true even if the reviewing court disagrees with the outcome. Provided there is "substantial evidence" in the record to support the final decision below, the Court will uphold the final decision. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION

On appeal to this Court, Plaintiff argues that the ALJ erred as a matter of law in denying her claims on three grounds: (1) the ALJ failed to properly consider and weigh Plaintiff's Global Assessment of Functioning ("GAF") scores; (2) the ALJ failed to properly analyze and determine Plaintiff's mental RFC; and (3) the ALJ failed to properly weigh the opinions of one of Plaintiff's treating physicians. (Doc. No. 12 at 2).

"A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). Social Security regulations require an ALJ to "evaluate every medical opinion" regardless of its source. 20 C.F.R. §404.1527(c). When evaluating each medical opinion, the ALJ must consider all of the following: (1) whether the physician has examined the claimant; (2) the treatment relationship between the physician and the claimant, including the length, nature, and extent of the treatment relationship; (3) the supportability of the physician's opinion; (4) the consistency of the opinion with the record;

and (5) whether the physician is a specialist. Id. This evaluation is necessary so that the ALJ can determine the weight to be given to each opinion. Id.; see also SSR 96-2p.

A reviewing court is unable to determine whether an ALJ's "findings are []supported by substantial evidence unless the Secretary explicitly indicates the weight given to all of the relevant evidence." Gordon v. Schweiker, 725 F.2d 231, 235 (4th Cir. 1984); see also Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015) (remanding because, among other things, the ALJ's opinion was "sorely lacking in the analysis needed for [the court] to review meaningfully [the ALJ's] conclusions"). This requires the ALJ "to indicate explicitly the weight accorded to the various medical reports in the record." Gordon, 725 F.2d at 236. Not only must an ALJ indicate the weight given a medical opinion, he must also provide an explanation for the weight given. Arnold v. Sec'y of Health, Ed. & Welfare, 567 F.2d 258, 259 (4th Cir. 1977). A reviewing court may not find that an ALJ's decision is supported by substantial evidence "[u]nless the [ALJ] has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits . . . ." Id.

A GAF score represents a clinician's judgment of an individual's overall level of functioning. Am. Psychiatric Ass'n, Diagnostic & Statistical Manual of Mental Disorders 32 (4th ed. 2000). A GAF score, by itself, is not dispositive of anything, and it "has no direct legal or medical correlation to the severity requirements of social security regulations." Powell v. Astrue, 927 F. Supp. 2d 267, 273 (W.D.N.C. 2013). However, a GAF score can inform the ALJ's decision. See, e.g., Rios v. Comm'r of Soc. Sec., 444 F. App'x 532, 535 (3d Cir. 2011) ("[GAF scores] are only medical evidence that informs the Commissioner's judgment of whether an individual is disabled.").

After the fifth edition of the Diagnostic & Statistical Manual of Mental Disorders ("DSM-V") abandoned the use of GAF scoring in July 2013, see Am. Psychiatric Ass'n, Diagnostic & Statistical Manual of Mental Disorders 16 (5th ed. 2013), the SSA issued a directive clarifying the use of GAF scores in disability decisions. In Administrative Message 13066 ("AM-13066"), the SSA acknowledged that the DSM-V "does not include GAF rating for assessment of mental disorders." SSA, AM-13066, "Global Assessment of Functioning (GAF) Evidence in Disability Adjudication" (effective July 22, 2013). The directive explained, however, that the SSA "will continue to receive and consider GAF in medical evidence." Id. The SSA went on to explain, in pertinent part:

> For purposes of the Social Security disability programs, when it comes from an acceptable medical source, a GAF rating is a medical opinion as defined in 20 CFR §§ 404.1527(a)(2) and 416.927(a)(2). An adjudicator considers a GAF score with all of the relevant evidence in the case file and weighs a GAF rating as required by 20 CFR §§ 404.1527(c), 416.927(c), and SSR 06–03p . . . .
>
> . . . .
>
> When case evidence includes a GAF from a treating source and you do not give it controlling weight, you must provide good reasons in the personalized disability explanation or decision notice.

Id.

The medical record in this case includes at least fourteen unique GAF scores for Plaintiff. (Tr. 673, 811, 822, 824, 975, 977, 1035, 1100, 1140, 1193, 1198, 1205, 1208, 1273). The majority, if not all, of these GAF scores come from an acceptable medical source, and some come from treating physicians. Accordingly, not only are these GAF scores medical opinions that the ALJ is required to consider, but some of them may be entitled to controlling weight. Pursuant to the SSA's own directives, the ALJ must consider these medical opinions, and if he does not give a treating physician's GAF score controlling weight, he is required to "provide good reasons in the

personalized disability explanation or decision notice" to explain his determination. AM-13066. However, the ALJ's decision is devoid of any discussion or mention of GAF scores. The ALJ failed to provide any indication that he even considered the GAF scores much less any discussion or explanation regarding his treatment of the scores. Therefore, the Court finds that the ALJ's decision cannot be supported by substantial evidence, and this matter must be remanded for further administrative proceedings.[2]

## IV. CONCLUSION

Under the fourth sentence of 42 U.S.C. § 405(g), the Court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." See also Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991). In light of the ALJ's lack of analysis and discussion of relevant medical opinions in the record, the Court **reverses** the Commissioner's decision and **remands** the case for a new hearing.

On remand, the ALJ is directed to conduct a new hearing, take any action necessary to complete the administrative record, and issue a new decision consistent with Social Security regulations and this Order. Specifically, the ALJ is directed to: (1) consider, evaluate, and explain the weight afforded to all medical opinions in the record, including GAF scores from all acceptable medical sources; (2) reevaluate Plaintiff's mental impairments in accordance with Social Security regulations as well as Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015); (3) reevaluate and discuss the opinions of all Plaintiff's treating physicians; (4) conduct a thorough function-by-function analysis that explicitly indicates the weight given to all of the relevant evidence, including

---

[2] Having found remand necessary due to error in the ALJ's consideration and analysis of medical opinions, the Court need not address Plaintiff's arguments relating to the ALJ's treatment of the opinions of Plaintiff's treating physicians or the ALJ's mental RFC finding.

all medical opinions, and that resolves any conflicts between such evidence; (5) further consider and evaluate Plaintiff's RFC; and, if necessary, (6) obtain further vocational expert testimony. In conducting the function-by-function analysis, the ALJ must use "narrative discussion describing how the evidence supports each conclusion." Mascio, 780 F.3d at 636 (citing SSR 96-8p). A mere recitation of select evidence is not a sufficient substitute for the function-by-function analysis required by Mascio, particularly if there is contradictory evidence in the record.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, (Doc. No. 11), is **GRANTED**;
2. Defendant's Motion for Summary Judgment, (Doc. No. 16), is **DENIED**; and
3. The Commissioner's decision is **REVERSED** and this matter is **REMANDED** for a new hearing consistent with this Order.

Signed: March 8, 2016

Robert J. Conrad, Jr.
United States District Judge